# United States District Court
## Southern District of Texas
### Holding Session in Corpus Christi

| United States of America | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For **Revocation** of Probation or Supervised Release) |
| | (For Offenses Committed On or After November 1, 1987) |
| **RAYMOND HAMILTON** | |
| | Case Number: **2:06CR00032-001** |
| | USM Number: 59760-179 |
| ☐ See Additional Aliases. | L. Chris Iles |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ admitted guilt to violation of condition(s) <u>1 and 2</u> of the term of supervision.

☐ was found in violation of condition(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| **Violation Number** | **Nature of Violation** | **Violation Ended** |
|---|---|---|
| 1 | Law Violation - Possession and Use of a Controlled Substance | 01-10-08 |
| 2 | Failure to Abide by the Drug Treatment Program's Rules and Regulations | 01-10-08 |

☐ See Additional Violations.

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of material changes in economic circumstances.

Defendant's Soc. Sec. No.: XXX-XX-2742

Defendant's Date of Birth: 1980

Defendant's Residence Address:
Sandia, TX

Defendant's Mailing Address:
Sandia, TX

March 12, 2008
Date of Imposition of Judgment

*Janis Graham Jack*
Signature of Judge

**JANIS GRAHAM JACK**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

March 14, 2008
Date

GR | EAL:ctg

DEFENDANT: **RAYMOND HAMILTON**
CASE NUMBER: **2:06CR00032-001**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of     **time served.**

The defendant was in continuous custody from February 19, 2008, to March 12, 2008.

☐ See Additional Imprisonment Terms.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m.  on _____ .
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____ .
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

    Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

                                                            _____
                                                                    UNITED STATES MARSHAL

                                                    By      _____
                                                                 DEPUTY UNITED STATES MARSHAL

DEFENDANT: **RAYMOND HAMILTON**
CASE NUMBER: **2:06CR00032-001**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: <u>35 months & 7 </u>days.

☐ See Additional Supervised Release Terms.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. *(for offenses committed on or after September 13, 1994)*

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

☒ See Special Conditions of Supervision.

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: **RAYMOND HAMILTON**
CASE NUMBER: **2:06CR00032-001**

# SPECIAL CONDITIONS OF SUPERVISION

**DRUG SURVEILLANCE:** The defendant shall submit to periodic urine surveillance and/or breath saliva and skin tests for the detection of drug abuse as directed by the probation officer. The defendant will incur costs associated with such detection efforts based on ability to pay as determined by the probation officer.

**DRUG TREATMENT:** The defendant shall participate in a program, inpatient or outpatient, for the treatment of drug and/or alcohol addiction, dependency or abuse which may include, but not be limited to urine, breath, saliva and skin testing to determine whether the defendant has reverted to the use of drugs and/or alcohol. Further, the defendant shall participate as instructed and as deemed necessary by the probation officer and shall comply with all rules and regulations of the treatment agency until discharged by the Program Director with the approval of the probation officer. The defendant shall further submit to drug-detection techniques, in addition to those performed by the treatment agency, as directed by the probation officer. The defendant will incur costs associated with such drug/alcohol detection and treatment, based on ability to pay as determined by the probation officer.

**INPATIENT DRUG TREATMENT:** The defendant shall first, as part of the drug treatment condition above, participate in an inpatient program for the treatment of drug and/or alcohol addiction, dependency or abuse, to begin immediately upon release from confinement for a period of up to 180 days as directed by the probation officer. The defendant is not permitted to leave the facility during the first 30 days of treatment.

**MENTAL HEALTH:** The defendant is required to participate in a mental health program as deemed necessary and approved by the probation officer. The defendant will incur costs associated with such program, based on ability to pay as determined by the probation officer.

**NIGHTTIME RESTRICTION:** Throughout the period of supervised release, the defendant shall be restricted to his home each night from 11 pm to 6 am, unless other specific arrangements are made with the probation officer.